OPINION *Page 2 
{¶ 1} On February 8, 2007, the Richland County Grand Jury indicted appellant, Walter Fisher, on one count of gross sexual imposition in violation of R.C. 2907.05. Said charge arose from an incident wherein appellant was found in bed with his four year old great-granddaughter.
 {¶ 2} A jury trial commenced on September 10, 2007. The jury found appellant guilty as charged. By sentencing entry filed September 13, 2007, the trial court sentenced appellant to three years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE MINOR CHILD WITNESS WAS COMPETENT TO TESTIFY."
 II {¶ 5} "THE VERDICT OF THE JURY FINDING APPELLANT GUILTY OF GROSS SEXUAL IMPOSITION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."
 I {¶ 6} Appellant claims the trial court erred in finding the child-victim was competent to testify. At the time of trial, the child was five years old. We disagree. *Page 3 
 {¶ 7} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 8} Evid. R. 104(A) places the primary responsibility for determining competency upon the trial court:
 {¶ 9} "(A) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B). In making its determination it is not bound by the rules of evidence except those with respect to privileges."
 {¶ 10} Evid. R. 601 governs competency. Subsection (A) states the following:
 {¶ 11} "Every person is competent to be a witness except:
 {¶ 12} "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 13} "It is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. Such determination of competency is within the sound discretion of the trial judge." State v. Frazier (1991),61 Ohio St.3d 247, 250-251. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable *Page 4 
and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 14} The Frazier court further stated the following at 251:
 {¶ 15} "The trial judge has the opportunity to observe the child's appearance, his or her manner of responding to the questions, general demeanor and any indicia of ability to relate the facts accurately and truthfully. Thus, the responsibility of the trial judge is to determine through questioning whether the child of tender years is capable of receiving just impressions of facts and events and to accurately relate them.
 {¶ 16} "* * *
 {¶ 17} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful. See, generally, Annotation (1988), Witnesses: Child Competency Statutes, 60 A.L.R.4th 369."
 {¶ 18} The judge and counsel all participated in the voir dire of the child. T. at 167-179. The child was very quick to correct the judge when he mispronounced her teacher's name. T. at 168. This was surprisingly unique given the relative perception of a judge in a black robe leaning down to question a child.
 {¶ 19} The child responded appropriately when questioned on the difference between a lie and the truth and the consequences of telling a lie. T. at 169-170, 172, 175, 177. Although five years old, the child had already been in school a couple of *Page 5 
years, and was able to discuss details regarding her school day. T. at 172-174. She was able to give information concerning her siblings, and tell of a birthday party for her sister at Chuck E. Cheese. T. at 173. Although it is not the accepted norm that a five year old child is competent to testify, we find sufficient testimony to support the trial court's determination.
 {¶ 20} Even if the child was not competent to give testimony, any error in permitting the child to testify would have been harmless given the mother's direct testimony. T. at 124-129.
 {¶ 21} Upon review, we find the trial court did not err in finding the child-victim was competent to testify.
 {¶ 22} Assignment of Error I is denied.
 II {¶ 23} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 24} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. *Page 6 Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881. The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger,77 Ohio St.3d 415, 418, 1997-Ohio-260.
 {¶ 25} Appellant was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4) which states the following:
 {¶ 26} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 27} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 28} "Sexual contact" is defined as, "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
 {¶ 29} Appellant argues the mother's perception of what she observed was altered because when she arrived home early, she was already in an "agitated, and possibly unstable state of mind." Appellant's Brief at 15. Appellant also argues the child's testimony lacked credibility because she did not report the touching to the Sexual Assault Nurse Examiner (hereinafter "SANE"). Lastly, appellant argues there was no evidence that the touching of the child on the inner thigh caused sexual arousal or gratification. *Page 7 
 {¶ 30} The child's mother is Patrice Jones. Her testimony was explicit as to what she discovered when she arrived home. Her children did not greet her upon her arrival as usual. T. at 120-121. She went upstairs and found two of her children in her bedroom. T. at 124. She then went looking for her daughter who she found in another bedroom, in bed, under the covers, with appellant beside her. T. at 118, 124-125. Ms. Jones pulled the covers back. T. at 126. The child did not have anything on other than a t-shirt, and appellant was just wearing underwear. T. at 118, 126-127. Appellant's hand was on "her inner thigh almost." T. at 130. The child refused to get out of the bed. T. at 126-127. Ms. Jones opined it was because she was scared. T. at 133. The child stated appellant "told me not to tell you. He told me you'd be mad at me and I'd get in trouble." Id. The child started to scream and cry when Ms. Jones carried her downstairs. T. at 129. Ms Jones's account of what she observed was tested for credibility by the triers of fact. We find there was sufficient testimony to support a finding that Ms. Jones was a credible witness.
 {¶ 31} Jodie Flynn, the Sexual Assault Nurse Examiner, testified the child did not talk to her about the sexual assault, and there was no physical finding of sexual assault. T. at 193-195. However, appellant was charged with gross sexual imposition which does not require actual penetration. On direct examination, the child indicated that appellant had touched her. T. at 216. As stated supra, the issue of credibility is within the province of the jury.
 {¶ 32} As for no evidence of sexual arousal or gratification, appellant had his hand on a bottomless child's inner thigh. It was late in the day, they were both in bed under the covers, and appellant was wearing only his underwear, all of which were not *Page 8 
the norm. T. at 134. The circumstantial evidence supports the fact that appellant's actions were for sexual arousal/gratification.
 {¶ 33} Upon review, we find the testimony of Ms. Jones and the limited testimony of the child to be sufficient to support a finding of guilt beyond a reasonable doubt, and find no manifest miscarriage of justice.
 {¶ 34} Assignment of Error II is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, P.J. Edwards, J. and Delaney, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1